IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTRUCTION | : | Case No.:4:05cv1863 |
| SPECIALTIES, INC., | : | |
| | : | |
| Plaintiff | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| ED FLUME BUILDING | : | |
| SPECIALTIES, LTD., et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

January 6, 2006

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is a Motion for Dismissal And/Or Transfer of Venue Pursuant to Fed.R.Civ.P. 12(b)(3) ("the Motion") (doc. 2) filed by Defendants, Ed Flume Building Specialties, Ltd. and Ed Flume Building Specialties, Inc. (collectively "Defendants") on September 20, 2005.  For the reasons that follow, the Motion will be denied.

## FACTUAL BACKGROUND/PROCEDURAL HISTORY:

On or about August 11, 2005, Plaintiff Construction Specialties, Inc. ("Plaintiff" or "Construction Specialties") commenced this action by Writ of Summons in the Court of Common Pleas of Lycoming County, Pennsylvania.

1

Plaintiff filed its complaint in assumpsit on August 15, 2005 seeking recovery of the purchase price for products manufactured by it at its Muncy, Pennsylvania plant and shipped to Defendants. On September 15, 2005, Defendants removed the suit to this Court on the basis of diversity jurisdiction.

This Court's jurisdiction over the case arises under 28 U.S.C. § 1332 as Plaintiff's complaint seeks the recovery of $116,594.87 and the action is between citizens of different states.

In the complaint, Plaintiff states that it is a corporation organized and existing under the laws of the state of New Jersey with a principal place of business in New Jersey. Defendants are corporations organized and existing under the laws of the state of Texas with principal places of business located in Texas. Plaintiff alleges that throughout the relevant time period, it was in the business of manufacturing and supplying building and construction materials and products to retailers and the general public by and through its operating division in Muncy, Pennsylvania. Defendants were in the business of purchasing building and construction supplies and products from companies such as Plaintiff and reselling them to the general public. Plaintiff alleges that Defendants ordered building and construction supplies from Plaintiff and failed to pay the amounts due, as reflected in the various invoices attached to the complaint. As a result of Defendants'

alleged breach of contract by their failure and/or refusal to pay Plaintiff for goods shipped to and accepted by Defendants, Plaintiff asserts that it has suffered damages in the amount of $116,594.87, together with interest on the principal amount at a rate of the lesser of 2% per month or the maximum amount allowed by law from the date payments were due until the total amount due is paid in full, plus attorneys fees and costs of suit.

On September 20, 2005, Defendants filed the instant Motion which has been briefed by the parties.  The Motion is therefore ripe for disposition.

## DISCUSSION:

In the Motion, Defendants move pursuant to Fed.R.Civ.P. 12(b)(3) to dismiss the action on the basis of *forum non conveniens*, or, alternatively to transfer venue to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1406(a).  In response, Plaintiff asserts that Defendants' Motion is in the nature of a request for a change of venue for *forum non conveniens* rather than a motion to dismiss for improper venue.  Plaintiff maintains that venue is proper in the Middle District of Pennsylvania and that the convenience of the parties and interests of justice would be best served by litigating the action in this Court.

We initially note that Fed.R.Civ.P. 12(b)(3) states that the court will dismiss

3

or transfer a case if venue is improper or inconvenient in the plaintiff's chosen

forum.  Fed.R.Civ.P. 12(b)(3).  As the Third Circuit Court of Appeals has

instructed, the defendant bears the burden of proving improper venue in connection

with a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(3).  Myers v.

American Dental Ass'n, 695 F.2d 716, 725 (3d Cir. 1982).  The Third Circuit

explained the following with regard to motions to dismiss for improper venue:

> A motion to dismiss for improper venue is not an attack on
> jurisdiction but only an affirmative dilatory defense.  Because of the
> nature of the motion, 'it is not necessary [as contrasted with
> jurisdiction] for the plaintiff to include allegations showing the venue
> to be proper.'

Id. at 724 (quoting Fed.R.Civ.P. Form 2, Advisory Committee note 3).  Moreover,

in considering a Fed.R.Civ.P. 12(b)(3) motion, the court accepts the plaintiff's

well-pled factual allegations regarding venue as true, draws all reasonable

inferences from those allegations in the plaintiff's favor, and resolves any factual

conflicts in the plaintiff's favor.  Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d

274, 276-77 (D.D.C. 2002).

    We are in agreement with Plaintiff that this action could have originally

been brought in this Court on the basis of diversity of citizenship of the parties.

See 28 U.S.C. § 1332(a).  In the absence of a specific statute to the contrary, venue

is governed by 28 U.S.C. § 1391, which provides:

4

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Defendants place emphasis upon the fact that Plaintiff is a corporation incorporated and with a principal place of business in New Jersey and that Defendants are corporations incorporated and with principal places of business in Texas. Defendants accordingly argue that neither Plaintiff nor Defendants are incorporated nor have their principal place of business in Pennsylvania. However, Defendants fail to address the significant fact that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within the Middle District of Pennsylvania. The Third Circuit Court of Appeals has explained that acts or omissions must be more than tangentially connected to quality as "substantial" under 28 U.S.C. § 1391(a). Siegel v. Homestore, Inc., 255 F. Supp. 2d 451, 455 (E.D. Pa. 2003) (citing Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994)). As Plaintiff accurately submits, the requirement of "substantiality" is designed to preserve fairness so that a defendant is not haled into

5

a remote district having no real relationship to the dispute.  Id.  "Hence, the test for

determining venue is not the defendant's 'contacts' with a particular district, but

rather the location of those 'events or omissions giving rise to the claim,'

theoretically a more easily demonstrable circumstance than where a claim 'arose.'"

Siegel, 255 F. Supp. 2d at 456.

As noted, this case was originally brought in the Court of Common Pleas of

Lycoming County and was subsequently properly removed pursuant to the statute

governing removal to federal court, 28 U.S.C. § 1441(a).  Plaintiff's complaint

alleges that a substantial part of the events and omissions giving rise to the claim

occurred in the Middle District of Pennsylvania and Defendants have introduced

no contradictory evidence.  In that regard, the complaint alleges that the

construction materials and products that are the subject of this litigation were

manufactured at Construction Specialties' facility in Muncy, Pennsylvania; they

were shipped from Muncy to Flume; and Flume owes payment  at Construction

Specialties' business location in Muncy.  (Comp. ¶¶ 5-12).  In addition, Matthew

Abbate's ("Mr. Abbate") affidavit, who is the Credit Manager of the Muncy

Division of Construction Specialties, states that Construction Specialties has an

unincorporated operating division in Muncy and that such division is responsible

for generating its own sales, billing purchasers for purchased items, and receiving

6

payment.  Therefore, we find that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1391(a), as the products at issue were manufactured in and shipped from the Middle District of Pennsylvania as was payment due in this district.  Venue is accordingly proper in the Middle District of Pennsylvania.[1]

As we have determined that venue is properly laid in the Middle District of Pennsylvania, we will now address Defendants' alternative argument that this case be transferred to the United States District Court for the District of New Jersey in accordance with 28 U.S.C. § 1406(a).  Section 1406(a) of Title 28 of the United States Code provides, in pertinent part, the following:

> (a)  The district court of a district in which is filed *a case laying venue in the wrong division or district* shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a) (emphasis added).  However, a second statutory provision governing a change in venue, 28 U.S.C. § 1404(a), provides that:

---

[1] As accurately noted by Plaintiff, Defendants have not alleged that venue is improper in the Middle District of Pennsylvania, but assert that the United States District Court for the District of New Jersey would be a more convenient forum for this action.  Defendants' Motion is therefore technically a motion to transfer venue for *forum non conveniens* rather than a motion to dismiss for improper venue.  The doctrine of *forum non conveniens* has been superseded by statute, 28 U.S.C. § 1404(a) and consequently, *forum non conveniens* "has continuing application only in cases where the alternative forum is abroad."  Dow v. Jones, 232 F. Supp. 2d 498-99 (Md. 2002) (citing American Dredging Co. v. Miller, 510 U.S. 443, 449 n.2 (1994)).  Defendants' Motion will accordingly be analyzed under the statutory provisions regarding a transfer in venue, 28 U.S.C. §§ 1404 and 1406.

> (a)  For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).  Accordingly, § 1406 governs transfers of cases in which venue is improper, whereas § 1404 applies to transfers for the convenience of parties and witnesses in cases, such as the instant one, where venue is proper.  As venue is properly laid in the Middle District of Pennsylvania, this case cannot be decided pursuant to § 1406.

We must now consider § 1404 to ascertain whether this case should be transferred to the United States District Court for the District of New Jersey.  Under § 1404(a), two showings must be established for the case to be transferred to another district or division, in this case the District of New Jersey.  A threshold question to consider is whether the action "might have been brought" in the proposed transferee district, the District of New Jersey.  High River P'ship v. Mylan Labs., Inc., 353 F.Supp.2d 487, 492 (M.D. Pa. 2005); see also Measurement Specialities, Inc. v. Stayhealthy.com, 275 F.Supp.2d 638, 640 (E.D. Pa. 2003).  "If this limitation is met, the court must then weigh a list of factors."  High River P'ship, 353 F.Supp.2d at 492.  Stated another way, a showing must be made that the transfer will serve the convenience of the parties and the witnesses, as well as the interests of justice.  Savoy Owners Associates, Inc. v. Corp. of New York, 2003

8

U.S. Dist. LEXIS 3317 at *3 (S.D.N.Y. 2003).

With regard to the first showing, whether the action "might have been brought" in the proposed transferee district, the United States District Court for the District of New Jersey, Plaintiff argues that nothing is before this Court indicating that this action could properly have been commenced in the District of New Jersey. As accurately submitted by Plaintiff, although Plaintiff is a New Jersey corporation with its principal place of business in New Jersey, Defendants are neither incorporated in nor reside in New Jersey.  As previously noted, pursuant to 28 U.S.C. § 1391(a), Defendants cannot be sued in New Jersey unless a substantial part of the events or omissions giving rise to the claim occurred there, a substantial part of the property that is the subject of the action is situated there, or Defendants were subject to personal jurisdiction in New Jersey at the time the suit was commenced and no other district exists in which the action may otherwise have been brought.  See 28 U.S.C. § 1391(a).  We are in agreement with Plaintiffs that none of the above-referenced alternatives apply to the case sub judice.[2]  It is

---

[2] Although Defendants argue that New Jersey is the proper venue for this action as the Sales Representation Agreement between the parties contains a choice of law and forum selection clause stating that New Jersey is the proper forum for any dispute between the parties, such provision is extremely limited and does not support a general application of New Jersey law to this litigation.  The provision states that a service charge applies to past due accounts which "shall be the lesser of (A) two percent (2%) per month . . . or (B) the maximum lawful rate of interest permitted under the laws of the State of New Jersey."  Defendants' attempt to morph the above-referenced provision regarding maximum interest rates into a general choice of law clause

accordingly unlikely that this case could have been brought in the proposed

transferee district, the United States District Court for the District of New Jersey.

Assuming *arguendo* that this case originally could have been brought in

New Jersey, the second showing that must be made under § 1404(a) is that the

transfer will serve the convenience of the parties and the witnesses, as well as the

interests of justice.  Factors to be considered in determining a motion to transfer

include the plaintiff's choice of forum, interests of the litigants, ease of access to

sources of proof, costs of obtaining attendance of witnesses and judicial economy.

As a general rule, "unless the balance is strongly in favor of the defendant, the

plaintiff's choice of forum should rarely be disturbed."  Gulf Oil v. Gilbert, 330

U.S. 501, 508-509 (1947).

As Plaintiff explains, to overcome the presumption in favor of Plaintiff's

choice of forum, Defendants must show that the balance of conveniences weighs

"strongly in favor" of transfer to a more convenient forum, id. at 508, which

requires something more than a mere preponderance of the evidence in favor of

transfer.  Kisko v. Penn Cent. Transp. Co., 408 F. Supp. 984, 986 (M.D. Pa. 1976).

To carry its burden, a movant should submit affidavits, for example, from

witnesses and parties explaining the hardships they would suffer if the case

---

applicable to all disputes between the parties is disingenuous and improper.

10

proceeds in the plaintiff's chosen forum.  <u>Dow</u>, 232 F. Supp. 2d at 499.

Defendants have not submitted any affidavits in support of their Motion, whereas

Plaintiff has submitted one, rather, Defendants attached a copy of a suit it filed in

New Jersey more than one month after Plaintiff commenced this action.

Defendants made bald assertions that sources of proof, including witnesses with

information regarding invoices, are more readily available in New Jersey, which is

contradicted by the plain language of the complaint.  Moreover, mere assertions of

inconvenience or hardship by a movant are insufficient for a transfer pursuant to §

1404(a).  <u>Id.</u>

In this action, although Plaintiff is incorporated in and has its principal place

of business in New Jersey, it maintains an unincorporated operating division in

Muncy, Pennsylvania.  Muncy is the location in which the materials and products

at issue were manufactured, shipped to Defendants, and the location for which

payment was due.  Moreover, as explained in Mr. Abbate's affidavit, the

transactions at issue in this litigation involved employees of Construction

Specialties' operating division in Muncy and Defendants.  (Rec. Doc. 8, Ex. 2 at ¶

9).  Accordingly, most, if not all of Defendants' critical witnesses are located in or

around Muncy.  Additionally, most if not all of the pertinent documents regarding

the transactions at issue are located in or around Muncy as Construction

Specialties' operating division in Muncy generates and maintains its own records of transactions involving the division.  Id. at ¶ 10.  Accordingly, the majority of physical and documentary evidence, as well as witnesses are located in the Middle District of Pennsylvania.

While Defendants are located in Texas and may be mildly inconvenienced by traveling to Pennsylvania to litigate this dispute, the balance of factors do not so heavily weigh in Defendants' favor as to warrant us to transfer this case.

In summary, venue is proper in the Middle District of Pennsylvania and the convenience of parties and witnesses, as well as the interests of justice are best served by litigating the dispute in this district.  Defendants' Motion for Dismissal And/Or Transfer of Venue Pursuant to Fed.R.Civ.P. 12(b)(3) is denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.      Defendants' Motion for Dismissal And/Or Transfer of Venue Pursuant to Fed.R.Civ.P. 12(b)(3) (doc. 2) is DENIED.

s/ John E. Jones III
John E. Jones III
United States District Judge
